**IN THE COURT OF APPEALS OF IOWA**

No. 23-1683
Filed July 24, 2024

**LARRY DARNELL MURPHY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

        Larry Murphy appeals the summary dismissal of his application for postconviction relief. **AFFIRMED.**

        Audra F. Saunders, West Des Moines, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee State.

        Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Larry Murphy appeals the summary dismissal of his second application for postconviction relief (PCR). Because Murphy's PCR application was filed more than three years after his conviction was final and he asserted no ground of fact material to his substantive claims that could not have been presented within the three-year time frame, *see* Iowa Code § 822.3 (2023), we affirm.

## I. Background Facts and Proceedings

In 2019, Murphy entered a written plea of guilty to child endangerment causing death. The district court accepted Murphy's plea, entered judgment, and sentenced him to an indeterminate fifty-year term of incarceration. The court denied Murphy's motion for new trial and motion in arrest of judgment. Murphy filed a pro se notice of appeal, which was dismissed as untimely. Procedendo issued in December 2019.

Meanwhile, Murphy filed a pro se PCR application, claiming trial counsel was ineffective for failing to file a timely appeal. PCR counsel was appointed, but Murphy subsequently moved to dismiss his application in mid-2020.

The following year, in his underlying criminal case, Murphy filed a motion to withdraw his written plea of guilty. The district court denied the motion, stating in part, "Defendant's motion is not timely and must be denied. It is possible the defendant could seek relief in a postconviction action."

Murphy filed this PCR application in May 2023. He claimed trial counsel was ineffective by: failing to file a notice of appeal, failing to "properly argue" the motion in arrest of judgment, and failing to ensure there was a factual basis for his guilty plea. Murphy also claimed first PCR counsel was ineffective.

The State moved for summary judgment, asserting Murphy's application was time-barred by the statute of limitations. Murphy resisted. Following a hearing, the court granted the State's motion, finding Murphy failed to show a ground-of-fact exception to the statute of limitations.[1] Murphy appeals.

## II. Standard of Review

We review the summary dismissal of a PCR application for correction of errors at law. *Moon*, 911 N.W.2d at 142. Applying our summary judgment standards to summary disposition of PCR applications, summary disposition is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* (alteration in original) (quoting Iowa R. Civ. P. 1.981(3)). The State, as the moving party, bears the burden of proving there are no genuine issues of material fact, and we review the record in the light most favorable to Murphy. *See id.* Murphy has the "onus" to establish the "obvious requirement" that he "could not have raised the ground of fact within the limitations period." *Id.* at 143.

## III. Analysis

Murphy claims the district court erred by granting the State's motion for summary judgment without a full evidentiary hearing on the merits of his ineffective-assistance-of-counsel claims relating to trial counsel's "failure to timely file a notice of appeal" and "failure to ensure adequate factual basis" for his guilty

---

[1] *See, e.g.*, *Moon v. State*, 911 N.W.2d 137, 143–44 (Iowa 2018) (applying the ground-of-fact test to determine whether the applicant's claims were time barred).

plea and first PCR counsel's "fail[ure] to properly research all issues in [his] underlying criminal case."

Applying the summary judgment standards, we concur with the court's determination that the State proved no issue of material fact is in dispute. Murphy's conviction was final in 2019. Under Iowa Code section 822.3, Murphy had until 2022 to apply for PCR from the conviction. Murphy filed this PCR application in 2023. Because the application was untimely on its face, summary dismissal was appropriate unless Murphy established a new ground of fact or law excepting his application from the statute of limitations.

Murphy maintains his PCR application falls under the exception in section 822.3 for "a ground of fact or law that could not have been raised within the applicable time period" because he "was not alerted to the ineffectiveness of his trial counsel and [first] PCR counsel until he filed his second application." However, "[a] fact could have been raised within the limitations period if it was either known to the applicant or it could have been discovered with the exercise of due diligence during the statute-of-limitations window." *Prentiss v. State*, No. 23-0550, 2024 WL 2842274, at *3 (Iowa Ct. App. June 5, 2024).

Murphy was charged with first-degree murder and child endangerment causing death following an incident in which he "disciplined" a two-year-old child in his care by sitting on the child's head until the child suffocated. Murphy entered into a written plea agreement, in which he agreed to plead guilty to the child endangerment charge in exchange for the State's dismissal of the murder charge. At the plea hearing, Murphy stated he understood the agreement, and the court

determined a factual basis existed to accept the plea of guilty to the child endangerment causing death charge.

The following month, Murphy filed a motion for new trial and a motion in arrest of judgment, alleging in part: "The defendant has advised his attorneys that he wishes to withdraw his guilty plea and proceed to a jury trial"; "The defendant states he did not have a full understanding of his rights, options and possible results from a trial as well as other positions best explained by the defendant." The court addressed the motion at the sentencing hearing, during which the following colloquy took place:

> COURT: Mr. Murphy, what is your specific problem with the plea taking?
> MURPHY: My plea was to—just—well, I had, but then I—I just disconnected my plea before it was—it was sentenced.
> COURT: Are you telling me you have buyer's remorse—
> MURPHY: Yeah.
> COURT: —is that what you're saying? And is that your only problem with the plea?
> MURPHY: Yes.

The court denied the motion, stating in part: "[Y]ou just deciding you don't like the plea after you go back to your cell does not give you reason to withdraw your plea." The court further observed, "I have reviewed Judge Dreismeier's plea taking and, like I said, it not only substantially complies, I believe it fully complies."

The court then imposed Murphy's sentence and concluded the hearing by stating:

> COURT: You have a right to appeal the sentence this Court just handed down. That right to appeal is jurisdictional, meaning you would have to file a notice of appeal within 30 days of today's date with the Pottawattamie County Clerk of Court. Do you understand that?
> MURPHY: Yes, I do.

COURT: You do not do so you're forever barred from appealing this sentence. Do you understand that?
MURPHY: Yes, sir.

Forty-four days later, Murphy filed a pro se notice of appeal. The supreme court dismissed his appeal as untimely, noting in part: "Upon consideration, because it appears neither State action nor circumstances beyond the appellant's control have frustrated his intention to appeal, we deny the application for delayed appeal."

A few days before procedendo issued, Murphy filed his first PCR application, claiming in part, "Defendant had requested this matter be appealed on direct appeal. Counsel failed to file a timely appeal which consequently led to the dismissal of the matter entirely." He alleged his counsel was ineffective. Attorney Katherine Murphy was appointed to represent Murphy. Attorney Murphy reviewed the "transcripts and criminal file" and opined she was "not able to find a case on appeal that would have been a winner" had Murphy's trial counsel filed a timely appeal. Attorney Murphy also told Murphy he "receive[ed] a very favorable plea deal, and your attorney was correct to recommend that you accept the offer." Attorney Murphy asked Murphy to explain "what successful grounds for appeal would have been." Subsequent correspondence indicates Attorney Murphy investigated a potential claim relating to the calculation of Murphy's sentencing time, but determined "everything is working as if should," and recommended Murphy dismiss his application "since it is without legal basis." Attorney Murphy further advised Murphy: "On August 15, 2019 the court made its determination of guilt. You have three years from that date to file a Petition for Postconviction Relief." Ultimately, Murphy signed a verification he understood he was

withdrawing his application. In May 2020, Murphy, through counsel, formally moved to dismiss the application, stating in part, "[Murphy] was appointed counsel and consulted with such counsel with regard to the bases for his [PCR] Application" and "[Murphy], together with his counsel, was unable to generate compelling bases for his Application." The application was dismissed.

Murphy then filed a motion to withdraw his written plea of guilty "due to new found evidence and me signing this plea under duress and or stress of this case." The district court denied the motion in October 2021, finding it "is not timely and must be denied," but noting, "It is possible [Murphy] could seek relief in a postconviction action."

Despite the court's statement—coupled with Murphy's apparent dissatisfaction with his guilty plea and untimely appeal—it was not until May 2023 that Murphy filed this PCR application. By then, the limitation period had expired.[2] Viewing the evidence in the light most favorable to Murphy, we conclude he was or could have been alerted to his potential claims before the limitations period expired. In the first PCR action, Attorney Murphy advised Murphy "[y]ou have three years from [August 15, 2019] to file a Petition for Postconviction Relief." In October 2021, the district court noted Murphy could file a PCR action to raise his claims. Murphy now maintains he "has been diligently attempting to get this matter before a court since the entry of the sentencing order." Even that argument concedes

---

[2] In 2019, our legislature amended section 822.3 to include the following: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section *nor shall such claim relate back to a prior filing to avoid the application of the limitation periods.*" 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3 (Supp. 2019)) (emphasis added).

Murphy's belief a potential claim existed as early as 2019. "[T]o avoid the three-year statute of limitations contained in section 822.3, an applicant must show he or she could not have raised the ground of fact within the applicable time period." *Schmidt v. State*, 909 N.W.2d 778, 798 (Iowa 2018). Murphy has failed to do that.[3]

Because Murphy's PCR application was filed more than three years after his conviction was final and he asserted no ground of fact material to his substantive claim that could not have been presented within the three-year time frame, we affirm the court's dismissal of the application.

**AFFIRMED.**

---

[3] Murphy also summarily raises a claim relating to the "[t]he cumulative errors of trial counsel and PCR counsel." Because Murphy's underlying application was untimely, we decline to consider this claim. *Cf Smith v. State*, ___ N.W.2d ___, ___, 2024 WL 2868782 (Iowa 2024) ("We disagree that the cumulative prejudice analysis is applicable here. . . . It is an argument that 0+0+0=1.").